

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

June 25, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert C. Lanier
Chairman
State Department of Highways and
   Public Transportation
11th and Brazos Streets
Austin, Texas    78701

Opinion No.   JM-507

Re: Whether the Texas Highway Commission may temporarily close a portion of the Interstate 35E frontage road in Dallas for the purpose of allowing an inter-city "grand prix" race

Dear Mr. Lanier:

You have requested our opinion regarding the authority of the Texas Highway Commission to close temporarily a portion of the Interstate 35E frontage road in downtown Dallas for the purpose of allowing its use for an inter-city "grand prix" race on June 19, 20, and 21, 1987.

The Texas Highway Commission is authorized by article 6674w-1, V.T.C.S., to "lay out, construct, maintain, and operate a modern State Highway System. . . ." (Emphasis added). In the absence of indication of contrary legislative intent, we believe it is clear that this provision empowers the commission to adopt regulations governing the day-to-day operation of the state highway system, and all portions thereof. As the Supreme Court declared in Texas Highway Commission v. El Paso Building and Construction Trades Council, 234 S.W.2d 857, 859 (Tex. 1950),

> [t]he State has created a Highway Commission, and has placed under its direct and exclusive control the management of its highway system.

Id. at 859.   Furthermore, the commission is specifically empowered, inter alia,

> (a).  To designate any existing or proposed State Highway, of the Designated State Highway System, or any part thereof, as a Controlled Access Highway;
>
> (b).  To deny access to or from any State Highway, presently or hereafter designated as

> such . . . which may be hereafter duly designated as a Controlled Access Highway, from or to any lands, public or private, adjacent thereto, and from or to any streets, roads, alleys, highways or any other public or private ways intersecting any such Controlled Access Highway, except at specific points designated by the State Highway Commission; and to close any such public or private way at or near its point of intersection with any such Controlled Access Highway;
>
> (c). To designate points upon any designated Controlled Access Highway, or any part of any such highway, at which access to or from such Controlled Access Highway shall be permitted, whether such Controlled Access Highway includes any existing State Highway or one hereafter constructed and so designated;
>
> (d). To control, restrict, and determine the type and extent of access to be permitted at any such designated point of access. . . .

V.T.C.S. art. 6674w-1, subdiv. 2(a)-(d). Interstate 35E is clearly a "controlled access highway." Accordingly, the commission is specifically authorized "to close any such public . . . way," _i.e._, the Interstate 35E frontage road, "at or near its point of intersection with" Interstate 35E. In our opinion, the foregoing provisions furnish ample authority for the commission to close temporarily a portion of the Interstate 35E frontage road.

You express concern about section 185(a) of article 6701d, V.T.C.S., which provides:

> No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test, or exhibition.

We assume that this statute is limited in application to "highways." "Highway" is defined in section 13(a) of article 6701d, V.T.C.S., as

> [t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

If the commission validly closes a portion of a state highway between two specific points, so that it is not open to the public, that portion so closed ceases during the period of closing to be a "highway" for purposes of section 13(a). As a result, section 185(a) is not applicable thereto.

In conclusion, it is our opinion that the Texas Highway Commission is authorized to close temporarily a portion of the Interstate 35E frontage road in Dallas for the purpose of permitting its use in an inter-city "grand prix" race.

### S U M M A R Y

The Texas Highway Commission is authorized to close temporarily a portion of the Interstate 35E frontage road in Dallas for the purpose of permitting its use in an inter-city "grand prix" race.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Erik Moebius
Assistant Attorney General